IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


KEVIN M. KEAY,                               10-CV-1100-BR

          Plaintiff,

                                             OPINION AND ORDER

v.

VETERANS AFFAIRS REGIONAL
OFFICE and VETERANS AFFAIRS
MEDICAL CENTER,

          Defendants.


KEVIN M. KEAY
555 West Eighth Street
Apt. #425
Vancouver, WA 98660

          Plaintiff, *Pro Se*

DWIGHT C. HOLTON
United States Attorney
RONALD K SILVER
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1000

          Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#16) to Dismiss Pursuant to Fed. R. Civ. P. 12(b).  For the reasons that follow, the Court **GRANTS** Defendants' Motion.


<u>BACKGROUND</u>

On October 31, 2006, Plaintiff Kevin M. Keay filed an administrative Claim for Damage, Injury or Death with Defendant Veterans Affairs Medical Center (VAMC) in which he alleged:

> During a routine CT scan w/ contrast was contaminated with the HIV virus and injected it into me causing a staph infection from the knee injection site to the hip.  You MURDERED ME, AND THERE IS A WITNESS.

Decl. of Rex Cray, Ex. 1 at 1.  On his Claim form Plaintiff listed his address as 8350 S.W. Monticello Court, Beaverton, Oregon 97008.

On November 13, 2006, Plaintiff filed another administrative Claim for Damage, Injury or Death with the VAMC in which he alleged:

> Dr. Moreau put me on Tramadol, Ambien-CK, cyclobenzapine, and carbainazeprine for AVN of the right femur pain.  He then turned around and said he needed OHSU records on the MRI and records of the knees.  He stated when he receive[d] it he would reissue the meds but failed to do as he said.

Cray Decl., Ex. 2 at 1.  On his Claim form Plaintiff again listed

his address as 8350 S.W. Monticello Court, Beaverton, Oregon
97008.

On February 20, 2007, Plaintiff filed a third administrative
Claim for Damage, Injury or Death with the VAMC in which he
alleged:

> Portland VAMC has been denying me surgery & pain
> pills on a service connected right knee and
> continues to deny all surgerys [*sic*] for 12 more
> monthes [*sic*] forcing me to suffer severe pain and
> mental stress.

Cray Decl., Ex. 3, at 1.  Plaintiff also alleged "exposure to PD-
680."  *Id*.  Plaintiff did not list any address on this Claim
form.

On June 20, 2007, the Department of Veterans Affairs denied
each of Plaintiff's claims and advised Plaintiff:

> If you are dissatisfied with the decision to deny
> this administrative tort claim, you may file a
> request for reconsideration of your claim with the
> VA General Counsel. . . .  To be timely filed, the
> VA must receive this request prior to the
> expiration of 6 months from the date of the
> mailing of this final denial.  Upon filing such a
> request for reconsideration, VA shall have 6
> months from the date of that filing in which to
> make final disposition of the claim, and your
> option to file suit in an appropriate U.S.
> District Court under 28 U.S.C. 2675(a) shall not
> accrue until 6 months after the filing of such
> request for reconsideration (28 C.F.R. Section
> 14.9).
>
> In the alternative, if you are dissatisfied with
> the action taken on this administrative tort
> claim, you may file suit in accordance with the
> Federal Tort Claims Act, section l346(b) and
> 2671-2680, title 28, United States Code, which
> provides a tort claim that is administratively

> denied may be presented to a Federal district
> court for judicial consideration.  Such a suit
> must be initiated within 6 months after the date
> of the mailing of this final denial as shown by
> the date of this letter (section 240l(b), title
> 28, United States Code).

Cray Decl., Ex. 4 at 1, 3, 5.  The Department of Veterans Affairs

addressed its denials to the Beaverton address that Plaintiff

listed on his Claim forms.

     Plaintiff did not file a request for reconsideration as to

any of his Claims.

     On September 16, 2010, Plaintiff filed a Complaint in this

Court alleging:

> I served in the USAF 1980-1984.  I was exposed to
> the mil-PD-680 chemical which the VAMC in Portland
> covered up my medical records and falsefied [*sic*]
> xrays, MRIs, CT scans too.  OHSU Dr's [*sic*]
> confirmed avascular necrosis = the dying off of
> bone marrow in legs, arms, back, pelvis.  The
> fraud and coverup by Portland VAMC and VARO.
>
> The benzine chemical has ravaged my bones brittle
> and very painful too.
>
> I want $450 Billion for surgery and equipment and
> care nurse 24/7.  I feel a jury should hear this
> case.

     On January 31, 2011, Defendants filed a Motion to Dismiss.


### STANDARDS

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as
> true, to "state a claim to relief that is
> plausible on its face." [*Bell Atlantic v.
> Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A
> claim has facial plausibility when the plaintiff

> pleads factual content that allows the court to
> draw the reasonable inference that the defendant
> is liable for the misconduct alleged.  *Id.* at 556
> . . . .  The plausibility standard is not akin to
> a "probability requirement," but it asks for more
> than a sheer possibility that a defendant has
> acted unlawfully.  *Ibid.*  Where a complaint pleads
> facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'"  *Id.* at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).  "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court."  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)(citations omitted).  The court's reliance on judicially-noticed documents does not convert a motion to dismiss into a summary-judgment motion.  *Intri-Plex*, 499 F.3d at 1052.

Even after *Iqbal* and *Twombly*, the Ninth Circuit has held complaints of individuals who are proceeding *pro se*

> must be held to less stringent standards than
> formal pleadings drafted by lawyers, as the
> Supreme Court has reaffirmed since *Twombly*.  *See
> Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct.
> 2197, 167 L. Ed. 2d 1081 (2007) (per curiam).
> *Iqbal* incorporated the *Twombly* pleading standard
> and *Twombly* did not alter courts' treatment of *pro
> se* filings; accordingly, we continue to construe
> *pro se* filings liberally when evaluating them

under *Iqbal*.

*Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).
Accordingly, before the court dismisses a *pro se* complaint for
failure to state a claim, the court still must provide the
plaintiff with a statement of the complaint's deficiencies and
give the plaintiff leave to amend the complaint unless it is
clear that the deficiencies of the complaint cannot be cured by
amendment. *Rouse v. United States Dep't of State*, 548 F.3d 871,
881-82 (9th Cir. 2008).


## DISCUSSION

Defendants move to dismiss Plaintiff's Complaint on the
grounds that Plaintiff (1) failed to file his Complaint within
the applicable statute of limitations after denial of his
administrative claims and (2) failed to exhaust his
administrative remedies as to any new claims he may be seeking to
bring in this action.

**I.   Plaintiff failed to file this action within the applicable
       limitations period.**

### A.   Exhaustion requirements

28 U.S.C. § 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim
> against the United States for money damages for
> injury or loss of property or personal injury or
> death caused by the negligent or wrongful act or
> omission of any employee of the Government . . .
> unless the claimant shall have first presented the

6 - OPINION AND ORDER

claim to the appropriate Federal agency and his
claim shall have been finally denied by the agency
in writing and sent by certified or registered
mail.

In addition, 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be
forever barred unless it is presented in writing
to the appropriate Federal agency within two years
after such claim accrues or unless action is begun
within six months after the date of mailing, by
certified or registered mail, of notice of final
denial of the claim by the agency to which it was
presented.

**B.   Analysis**

The record reflects Plaintiff filed three Claims with
the Department of Veterans Affairs related to the VAMC.
Plaintiff, however, failed to request reconsideration of any of
those Claims and, therefore, failed to obtain a final decision
from the Department of Veterans Affairs.  Accordingly, to the
extent that Plaintiff's Complaint relates to matters that he
raised in his Claims with the Department of Veterans Affairs, the
Court concludes Plaintiff failed to exhaust his administrative
remedies with respect to those claims.

Even if the June 20, 2007, response to Plaintiff's
claims by the Department of Veterans Affairs could be considered
a final disposition, Plaintiff filed this action in September
2010, and, therefore, he failed to file this action within "six
months after the date of mailing . . . of notice of final denial
of the claim" by the Department of Veterans Affairs.

Accordingly, the Court concludes Plaintiff failed to file this action within the applicable limitations period.

In his Response to Defendants' Motion to Dismiss, Plaintiff appears to assert that the Department of Veterans Affairs sent its June 20, 2007, decisions to the incorrect address. The record reflects, however, that Plaintiff has lived at his Vancouver address only since 2008. Before that time he lived at the Beaverton address he listed on his Claims. As noted, the Department of Veterans Affairs sent its decisions to Plaintiff's Beaverton address as it appeared on Plaintiff's Claim forms. Accordingly, the Court concludes Plaintiff has not established that he did not receive notice of the decisions of the Department of Veterans Affairs or that he was unaware that he was required to either request reconsideration or to file an action with this Court within six months of the Department's decisions.

On this record the Court concludes to the extent that Plaintiff seeks to challenge the matters he raised in his administrative Claims, Plaintiff failed to exhaust his administrative remedies and failed to file an action with this Court within the limitations periods set out in 28 U.S.C. §§ 2675(a) and 2401(b).

**II.  Plaintiff has not exhausted his administrative remedies as to any new claims.**

To the extent that Plaintiff brings this action to allege

8 - OPINION AND ORDER

claims other than those that formed the basis for his 2006 and
2007 administrative Claims with the Department of Veterans
Affairs, the record does not reflect Plaintiff has filed any
other administrative Claims with the Department of Veterans
Affairs.  Accordingly, the Court concludes to the extent that
Plaintiff seeks to challenge matters other than those that formed
the basis for his 2006 and 2007 administrative Claims, Plaintiff
has not exhausted his administrative remedies.

     Although Plaintiff is proceeding *pro se*, the Court concludes
it is clear on this record that the deficiencies of Plaintiff's
Complaint as to those issues that formed the basis for his 2006
and 2007 administrative Claims cannot be cured by amendment.
Accordingly, the Court dismisses all claims arising from those
issues with prejudice and without leave to file an amended
complaint.

     To the extent Plaintiff brings this action to allege claims
other than those that formed the basis for his 2006 and 2007
administrative Claims with the Department of Veterans Affairs,
the Court grants Plaintiff leave to amend his Complaint **no later
than June 24, 2011**, if he can allege claims that are based on
administrative Claims he fully exhausted with the Department of
Veterans Affairs and challenges within the limitations periods
set out in 28 U.S.C. §§ 2675(a) and 2401(b).

9 - OPINION AND ORDER

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Defendants' Motion (#16) to Dismiss Pursuant to Fed. R. Civ. P. 12(b).  To the extent that Plaintiff challenges the matters raised in his 2006 and 2007 administrative Claims with the Department of Veterans Affairs, the Court **DISMISSES** those claims **with prejudice.**

To the extent that Plaintiff challenges matters he did not raise in any administrative Claim before the Department of Veterans Affairs, the Court **DISMISSES** those claims **without prejudice.**  The Court grants Plaintiff leave to amend his Complaint **no later than June 24, 2011**, if he can allege claims that are based on administrative Claims he fully exhausted with the Department of Veterans Affairs and challenges within the limitations periods set out in 28 U.S.C. §§ 2675(a) and 2401(b).  The Court advises Plaintiff that failure to file an amended complaint by June 24, 2011, shall result in the dismissal of this

proceeding with prejudice.[1]

     IT IS SO ORDERED.

     DATED this 2nd day of June, 2011.


                            /s/ Anna J. Brown

                           _____

                           ANNA J. BROWN
                           United States District Judge

---

[1] A dismissal with prejudice would mean Plaintiff may not be able to bring his claims or related claims against Defendants in any future action.

11 - OPINION AND ORDER