IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KEVIN M. KEAY,**                                3:10-CV-1100-BR

        Plaintiff,

                                    OPINION AND ORDER

v.

**VETERANS AFFAIRS REGIONAL
OFFICE and VETERANS AFFAIRS
MEDICAL CENTER,**

        Defendants.


**KEVIN M. KEAY**
555 West Eighth Street
Apt. #425
Vancouver, WA 98660

        Plaintiff, *Pro Se*

**DWIGHT C. HOLTON**
United States Attorney
**RONALD K SILVER**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204
(503) 727-1000

        Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

On September 16, 2010, Plaintiff filed a Complaint in this Court alleging:

> I served in the USAF 1980-1984.  I was exposed to the mil-PD-680 chemical which the VAMC in Portland covered up my medical records and falsefied [sic] xrays, MRIs, CT scans too.  OHSU Dr's [sic] confirmed avascular necrosis = the dying off of bone marrow in legs, arms, back, pelvis.  The fraud and coverup by Portland VAMC and VARO.
>
> The benzine chemical has ravaged my bones brittle and very painful too.
>
> I want $450 Billion for surgery and equipment and care nurse 24/7.  I feel a jury should hear this case.

On June 3, 2011, the Court entered an Opinion and Order in which it granted Defendants' Motion to Dismiss Plaintiff's Complaint on the grounds that Plaintiff did not file his action within the applicable limitations period set out in 28 U.S.C. §§ 2675(a) and 2401(b) and he failed to exhaust his administrative remedies as to any new administrative Claims.  The Court granted Plaintiff leave to amend his Complaint if he could allege new claims based on administrative Claims that he had fully exhausted with the Department of Veterans Affairs and that he challenged within the limitations periods set out in 28 U.S.C. §§ 2675(a) and 2401(b).

On June 24, 2011, Plaintiff filed a Notice to Submit Evidence in Support of this matter to which he attached a Prehospital Care Report showing he was treated at the Veterans

2 - OPINION AND ORDER

Affairs Medical Center on December 21, 2007, for what Plaintiff believed was a sexual assault while he was sleeping at Veterans Transitional Housing.  Plaintiff, however, does not allege and fails to point to any evidence in the record that he filed any administrative Claim as to this incident.

In addition, Rex Cray, Regional Counsel for the United States Department of Veterans Affairs, testifies in his Declaration that the Department of Veterans Affairs does not have any record of any administrative Claims made by Plaintiff other than those administrative Claims that were the subject of the Court's June 3, 2011, Opinion and Order.

On this record the Court concludes Plaintiff fails to bring any claims before this Court based on administrative Claims that he fully exhausted with the Department of Veterans Affairs.

Accordingly, the Court **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 12th day of July, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

3 - OPINION AND ORDER